## EASON v. VANDIVER.

1. Where judgment was rendered against a defendant in the county of his residence, but the fi. fa. issuing thereon was not entered upon the general execution docket thereof within ten days from the date of the judgment, one subsequently purchasing from the defendant, claiming that the judgment was not a lien upon the property by reason of such facts, must, in order to relieve the property from the lien of the judgment, prove that he acted in good faith and without notice in making such purchase.
2. Proof of want of notice on the part of an agent is not proof of want of notice on the part of his principal.
3. No assignment of error was made upon the rendition of a final judgment

in the superior court. Had there been, then the case would have been controlled by the ruling of this court made in *Holmes* v. *Pye*, 107 *Ga.* 784.

Submitted May 10, — Decided July 20, 1899.

Certiorari. Before Judge Sheffield. Early superior court. October term, 1898.

*R. H. Sheffield*, for plaintiff in error.
*R. H. Powell & Son*, contra.

FISH, J. Wm. Eason obtained judgment against the Bivings Bros. Lumber Co., in a justice's court in Early county, on Dec. 18, 1897. Execution issued thereon Dec. 23, 1897, but was never entered on the general execution docket. On January 3, 1898, the Lumber Co. executed and delivered to Vandiver a bill of sale, reciting a consideration of $520.00, to certain personalty, including three log-carts. Eason's execution was levied upon these carts in February, 1898, and Vandiver interposed his claim to them. Upon the trial of the issue in the claim case, before a jury in the justice's court, in addition to what has been stated, it was shown for the claimant that he lived in Montgomery, Ala.; that his attorneys at law represented him in purchasing the carts and other property in the bill of sale from the Lumber Co.; that he had his attorneys "to make a search of the records of the general execution docket of Early county; and that they had no knowledge or notice of this judgment or fi. fa. until date of levy." There was a verdict finding the property subject. The claimant carried the case by certiorari to the superior court, complaining that the verdict was contrary to law and the evidence. The justice's answer showed the facts to be as above stated. Upon the hearing the judge sustained the certiorari, and rendered a final judgment finding the property not subject to the judgment lien; whereupon Eason, the plaintiff in fi. fa., excepted.

Section 2779 of the Civil Code provides that, "As against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence, in any court of this State, . . shall have a lien upon the property of the defendant from

the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered. When the execution shall be entered upon the docket after the ten days, the lien shall date from such entry." The purpose of this section is to protect "third parties acting in good faith and without notice," and one who claims the benefit of its provisions must prove that he belongs to such protected class. The onus was upon the claimant in this case to show that he purchased the carts in good faith and without notice of the Eason judgment or fi. fa. against the Lumber Company. Did he successfully carry this burden? We think not. The proof was that he resided in Alabama; that his attorneys represented him in purchasing the property from the Lumber Company; that he had them to examine the general execution docket of Early county; and that they, his attorneys, had no knowledge or notice of the judgment or fi. fa. until date of the levy. These facts were not inconsistent with bad faith and full notice on the part of the claimant himself. A principal may have notice when his agent has none. We have no difficulty in holding that the judgment of the court below, finding the property not subject, was erroneous.

There was no assignment of error upon the rendition of a final judgment in the superior court. If there had been such an exception, then, as no error of law which must have finally governed the case was complained of in the petition for certiorari, the ruling made in *Holmes* v. *Pye & Co.*, 107 *Ga.* 784, and in cases there cited, would have been controlling.

*Judgment reversed. All the Justices concurring.*