## CAMP et al. v. DIXON, MITCHELL & COMPANY.

1. In order to bring an application for injunction within the provisions of the Civil Code, § 4927, as amended by the act of December 20, 1899 (Acts 1899, p. 39), it is essential for the plaintiff to show either that he "has perfect title to the land upon which the timber is situated," or that he "has perfect title to the timber" thereon. The "perfect title" must appear upon the face of the paper or papers, an abstract of which the plaintiff tenders for the purpose of showing such title; and unless it does so appear, the requirement that the plaintiff should allege insolvency of the defendant or that the damages will be irreparable is not dispensed with.

2. When, therefore, as a part of the plaintiff's chain of paper title it appears that a deed constituting a part of the same was executed under a power of attorney, in which there was a recital to the effect that the maker thereof had empowered the attorney in fact therein named to convey the title to the timber on the land therein referred to, subject to a time reservation in the maker's favor, the papers in question did not show a perfect title.

3. The plaintiffs in the present case did not show a perfect title, and neither alleged nor proved insolvency of the defendant nor that their damages would be irreparable. There was, therefore, no error in denying the injunction; the more especially as the judge required of the defendant a bond which was, in his judgment, sufficient to protect the rights of the plaintiffs.

Argued July 14,—Decided August 7, 1900.

Petition for injunction. Before Judge Hansell. Echols superior court. May 19, 1900.

*J. L. Sweat,* for plaintiffs. *S. T. Kingsbery & Son, Charlton & Charlton,* and *W. M. Hammond,* for defendants.

COBB, J. The general rule is that equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent. Civil Code, § 4916. An exception to this rule is found in the Civil Code, § 4927, which

declares that in all applications to enjoin the cutting of timber
for sawmill purposes, railroad-ties, and bridge-timbers for rail-
road purposes, or the boxing or otherwise working the same for
turpentine purposes, it shall not be necessary to aver or prove
insolvency, or that the damages are irreparable: "*Provided,*
the petitioner has perfect title to the land upon which the tim-
ber is situated, and shall attach an abstract of his title, stating
the name of grantor and grantee, date, consideration, and de-
scription of property, names of witnesses, when and where re-
corded, to his petition, and produce the original titles before
the judge"; the petitioner being required to give such bond as
the judge in his discretion shall deem proper to answer the dam-
ages which the defendant may sustain by reason of the grant-
ing of the injunction.　By an act approved December 20, 1899
(Acts 1899, p. 39), the section just referred to was amended so
as to make the provisions of the same apply not only to cases
where the petitioner has perfect title to the land, but also to
cases where he may not have perfect title to the land but still
have "perfect title to the timber upon" the land.　In *Wilcox
Lumber Co.* v. *Bullock,* 109 *Ga.* 532, it was held:　"The 'per-
fect title' which will, under section 4927 of the Civil Code, re-
lieve an applicant for an injunction from averring and proving
the insolvency of the defendant, or that the threatened damages
will be irreparable, must be a duly-executed paper title, the ex-
hibition of which will show both the 'right of possession' and
the 'right of property' in the plaintiff.　A paper title not meet-
ing these requirements, or a title resting in parol, will not bring
an injunction case within the provisions of this section."　The
"perfect title" to the timber necessary to bring a case within
the provisions of section 4927 of the Civil Code, as amended by
the act of 1899, is exactly the same character of title as was re-
quired before that act was passed, when the petitioner was the
owner of the land.　What was such a title when the petitioner
was the owner of the land is clearly set forth in the case above
cited.　In the present case the title to the timber produced be-
fore the judge consisted of a grant from the State to Thomas
Taylor, to the land upon which the timber was situated ; a deed
from the heirs of Taylor to Rollin J. Nelson, to the land upon
which the timber was situated; a power of attorney from Nel-

son to Ebenezer Wakeley, authorizing a sale and conveyance of the timber on the land described in the deeds above mentioned; the power of attorney containing the following recitals: "It is understood that I, said Rollin J. Nelson, heretofore conveyed timber on all said land now situated in Clinch county, Georgia, to Alma S. Cleveland, by a bill of sale dated January 23d, 1898, with time limited as therein stated; also that I conveyed to Ebenezer Wakeley the timber on said land in the other said county of Echols, heretofore mentioned, in the State of Georgia, with time limited as therein stated and in the renewal attached to this bill of sale; and this power of attorney is subject to the rights of said Alma S. Cleveland and Ebenezer Wakeley, and to their vendees, if any, holding by and through such bills of sale from me to said Cleveland and said Wakeley, to which reference is had." The next link in the chain of title was a lease from Nelson, by Wakeley as attorney in fact, to the plaintiffs, conveying the timber upon the lots in Echols county referred to in the power of attorney.

Applying the rule laid down in the case above cited, this did not constitute a "perfect title" to the timber, there being an interest in the same outstanding in Wakeley. It was sought to remedy this defect by an affidavit of Wakeley, to the effect that the time limitation referred to in the power of attorney had expired, and that he disclaimed all title and right to the timber in question. The evidence contained in this affidavit could not be looked to for the purpose of curing the defect in the paper title. In order to authorize an injunction to issue in such a case as the present, without an allegation of insolvency or irreparable damage, the plaintiff must show a perfect title upon the face of the papers presented by him and constituting his chain of title. If such papers do not show upon their face a perfect title, aliunde evidence will not be admitted to explain the defects in the title apparent upon the face of the papers, and the injunction must be denied when the plaintiff has failed to aver and prove either the insolvency of the defendant, or that the threatened damage will be irreparable. In the present case there was no error in denying the injunction; especially so as the court required of the defendants a bond which was, in its judgment, sufficient to protect the rights of the plaintiffs.

*Judgment affirmed. All the Justices concurring.*