## DIXON, MITCHELL & COMPANY *v.* MONROE.

1. The "perfect title" which will, under section 4927 of the Civil Code, relieve an applicant for an injunction from averring and proving insolvency of the defendant, or that the threatened damage will be irreparable, or other circumstances rendering the interposition of the writ necessary and proper, must be a duly executed paper title, consisting entirely of papers capable of being recorded.

2. If the papers produced under the requirements of the section above referred to do not upon their face show both " the right of possession " and " the right of property " in the applicant for injunction, parol evidence is not admissible for the purpose of curing the defects.

3. " A recital in a deed that the parties making it are heirs at law of a former owner is no evidence of the fact recited, except as against parties to the deed and their privies."

Argued October 20, — Decided October 31, 1900.

Injunction. Before Judge Bennet. Echols superior court. September 13, 1900.

*Charlton & Charlton* and *S. T. Kingsbery & Son,* for plaintiffs in error. *J. L. Sweat,* contra.

COBB, J. Monroe filed his petition against Dixon, Mitchell & Company, in which he prayed that the defendants be enjoined from cutting and removing the timber from two described lots of land alleged to be the property of the plaintiff. There was no allegation that the defendants were insolvent, or that the trespass sought to be enjoined was irreparable in damages, or of other circumstances which would ordinarily authorize a court of equity to

interfere by the granting of a writ of injunction. Attached to the petition was an abstract of title, which it was claimed showed that the plaintiff had a "perfect title" to the land upon which the timber was situated. The defendants answered, disclaiming title to one of the lots, setting up title in themselves to the other, and denying that the plaintiff had a "perfect title" to the same. At the hearing the judge granted the injunction as to the lot last referred to, and this ruling is assigned as error.

Unless the granting of the injunction can be upheld as authorized under the provisions of section 4927 of the Civil Code, the decision complained of was erroneous. See Civil Code, § 4916, and cases cited thereunder. To authorize the granting of an injunction under the section first named, the petitioner must attach to his petition an abstract of his title, showing that he has a "perfect title" to the land upon which the timber is situated, stating in the abstract "the name of grantor and grantee, date, consideration, and description of property, names of witnesses, when and where recorded," and the "original titles" referred to in the abstract must be produced before the judge. The words "perfect title," as employed in the section referred to, "mean a complete and perfect paper at least capable of being recorded, if not actually recorded." The use of the terms "grantor," etc., and the requirement that the "original titles" shall be produced before the judge, "are incompatible with any other idea than that which we have just expressed." *Wilcox Lumber Co.* v. *Bullock*, 109 *Ga.* 535. "The plaintiff must show a perfect title upon the face of the papers presented by him and constituting his chain of title. If such papers do not show upon their face a perfect title, aliunde evidence will not be admitted to explain the defects in the title apparent upon the face of the papers." *Camp* v. *Dixon*, 111 *Ga.* 674.

The "original titles" produced before the judge in the present case were: (1) a grant from the State to W. Wright and Russell Kellum; (2) a quitclaim deed from Mildred M. Cutler to G. W. Garmany; (3) a quitclaim deed from Green Troup Kellum and others, describing themselves "as the heirs at law of Russell Kellum, deceased," to the executrix of the will of G. W. Garmany; (4) deeds from Garmany to a half interest and from his executrix to the other half interest to the plaintiff. It is apparent that these papers do not show upon their face a "perfect title" in the plaintiff.

There is nothing in the papers which shows title out of W. Wright to his interest in the lot, and the only thing connecting the deed of Green Troup Kellum and others with the title of Russell Kellum is the recital in the deed that they are his heirs at law. " A recital in a deed that the parties making it are heirs at law of a former owner is no evidence of the fact recited, except as against parties to the deed and their privies." *Yahoola Co.* v. *Irby*, 40 *Ga.* 479 ; *Hanks* v. *Phillips*, 39 *Ga.* 550. See also *Cruger* v. *Tucker*, 69 *Ga.* 557; *Bank* v. *Cody*, 93 *Ga.* 127 ; *Heard* v. *Nix*, 96 *Ga.* 54; *Loan Company* v. *Haile*, 106 *Ga.* 503.

The defect appearing upon the face of the papers was sought to be cured by an affidavit showing that Mildred M. Cutler was the sole heir of W. Wright, and that Green Troup Kellum and the other grantees in the deed above referred to were the only heirs of Russell Kellum. The evidence contained in this affidavit " could not be looked to for the purpose of curing the defect in the paper title." *Camp* v. *Dixon*, supra. The allegations and proof not being such as to authorize the granting of an injunction, either under the general principles of equity, or the peculiar provisions of section 4927 of the Civil Code, the judgment must be

*Reversed*. *All the Justices concurring, except Little, J., absent.*