POWELL, administrator, *v.* BRINSON *et al.*

In an action brought under the Civil Code § 4927, to restrain the cutting of timber on land alleged to belong to the plaintiff (there being no allegation in the petition that the defendants were insolvent or that the threatened damage would be irreparable), where one of the plaintiff's muniments of title consisted of a sheriff's deed, and the execution which was the basis of the deed was not introduced in evidence nor its record proved, but parol evidence was resorted to to show that it had been lost, the "perfect title" required by the statute was not made out, and it was proper to refuse an injunction.

Submitted April 6, — Decided May 12, 1904.

Petition for injunction. Before Judge Spence. Decatur superior court. January 11, 1904.

*J. W. Haygood* and *Eldridge Cutts*, for plaintiff.
*Townsend & Dickenson* and *M. E. O'Neal*, for defendants.

CANDLER, J. This was an action under the Civil Code, § 4927, to restrain the cutting, boxing, or working of timber on land alleged to belong to the estate of which the plaintiff is administrator, the petition setting up that the plaintiff as administrator, "holds perfect title to said lot of land." There was no allegation that the defendants were insolvent, or that the damages would be irreparable. The abstract of title attached to the pe-

tition showed, (1) a grant from the State to Jesse Lockhart, dated December 4, 1829; (2) deed from Lockhart to Priester, dated August 28, 1851, recorded April 1, 1902; (3) judgment in favor of Priester against Bloodworth in Spalding superior court, dated November 22, 1858, reciting that the land in question is liable for the amount of the judgment for purchase-money unpaid; (4) sheriff's deed from the sheriff of Miller county to Sears, reciting a levy on the property under the judgment mentioned above. From Sears the property descended in a chain of warranty deeds to the plaintiff's intestate. The sheriff's deed to Sears was dated October 2, 1860, recorded December 12, 1860, and re-recorded June 4, 1903. At the trial, in addition to the documentary evidence introduced to support the abstract of title, the plaintiff introduced the affidavits of various witnesses who testified, in substance, that the original fi. fa. in favor of Priester against Bloodworth was lost, that diligent search had been made for it, and that it could not be found. It also appeared that the land in dispute was wild land, and that no one had been in actual possession of it for ten years. The defendants introduced in evidence a deed from Bloodworth to Weems, dated February 13, 1855, three years prior to the rendition of the judgment in favor of Priester against Bloodworth, and recorded April 1, 1902. The bill of exceptions recites that "this deed was offered by the defendants with the statement that defendants claimed under it, and it was relied upon as showing title out of plaintiff's predecessor in title." It also recites that "after argument the court announced his decision that the plaintiff did not show perfect title, because of the fact that plaintiff failed to produce or prove the record of the fi. fa. in favor of James W. Priester against S. W. Bloodworth, on which was based the sheriff's deed from Dunn to Sears, relied upon by plaintiff as part of his title; and upon this express ground the court therefore ruled that plaintiff was not entitled to the injunction prayed for." To this ruling the plaintiff excepted.

It is well settled by the decisions of this court that the "perfect title" required by the Civil Code, § 4927, to warrant the grant of an injunction against the cutting of timber, in the absence of an allegation of insolvency or that the threatened damages will be irreparable, "must be a duly executed paper title, the exhibition of which will show both the 'right of possession' and the 'right of

property' in the plaintiff. A paper title not meeting these requirements, or a title resting in parol, will not bring an injunction case within the provisions of this section." *Wilcox Lumber Co.* v. *Bullock,* 109 *Ga.* 532. See also *Camp* v. *Dixon,* 111 *Ga.* 674, where the subject is fully discussed; *Dixon* v. *Monroe,* 112 *Ga.* 158; *Jenkins* v. *Carmen,* 112 *Ga.* 476; *Morgan* v. *Baxter,* 113 *Ga.* 144. In the present case, the absence of documentary proof of the existence or record of the execution in favor of Priester against Bloodworth constituted a break in the plaintiff's chain of title, which was fatal to his right to an injunction under the code section cited. The execution was necessary to give the sheriff the right to sell the property; and, as we have seen, parol proof of its existence will not suffice to make out the kind of title necessary to afford the plaintiff the remedy he seeks, in the absence of an allegation of insolvency or of irreparable damages. It must be borne in mind that the relative merits of the claim of title set up by the plaintiff and that made by the defendants is not involved in this decision. The question before us is one not of title so much as procedure; and the title to the property in dispute is involved only to the extent that it is necessary to show the plaintiff's right to the relief he seeks. As we have shown, the title set up by him rested partly in parol and the court below was clearly right in denying the injunction sought.

*Judgment affirmed. All the Justices concur.*