### WILLIAMS et al. v. HICKS.

Where plaintiffs seek to enjoin a defendant from interfering with growing trees, alleging title thereto as sole heirs at law of a common grantor, but prove, without objection, ownership of the land as sole heirs at law of the only heir at law of such grantor and his deceased wife, and the entire evidence does not disclose any title or right of possession to the timber in any person other than the plaintiff's, it is error to direct a

verdict in favor of the defendant because plaintiffs fail to prove title in the manner alleged.

Submitted October 15,—Decided December 21, 1907.

Equitable petition. Before Judge Parker. Clinch superior court. May 11, 1907.

*Wilson, Bennett & Lambdin,* for plaintiff.

HOLDEN, J. This was an equitable petition to enjoin defendant from interfering with the timber on a certain lot of land. Plaintiffs claimed title as the sole heirs at law of De Lamar Clayton, and alleged as their abstract of title a grant from the State of Georgia to said Clayton, dated the 6th of January, 1845. De Lamar Clayton died in the year 1835, and his wife died either before or shortly thereafter, leaving as their sole heir an infant daughter, who in 1858 married J. W. Williams, one of the plaintiffs, and thereafter died, leaving two children, and they, with the husband, constitute the plaintiffs in the present case. Evidence was introduced to show that De Lamar Clayton, his wife, and the daughter above referred to all died intestate and that no administration was had on their respective estates. The defendant introduced a deed from De Lamar Clayton to James Thomas, dated in 1852, and five other deeds, to none of which, as abstracted in the brief of evidence, was the defendant a party, nor was there any evidence of any possession by the defendant, or by any of the parties to the deeds introduced by him, of the lot in controversy. The defendant in his answer admitted having entered on the land and having cut 200 or 300 turpentine boxes, and averred that it was his intention to work said boxes for turpentine purposes. One ground of the application for injunction was that the trespasses being committed were continuous ones, and should be stopped to prevent a multiplicity of suits.

As far as shown by the record in this case, the plaintiffs and the defendant claim under a common grantor, De Lamar Clayton. Plaintiffs in their petition claim to have a perfect title to the land. It appears in the abstract embraced in the amendment to the petition that De Lamar Clayton obtained the land by a grant from the State in 1845, and in the amendment the plaintiffs claim to be his sole heirs at law. De Lamar Clayton left only one child, who is now dead. In 1858 she married one of the plaintiffs, who, with her two children who are the other two plaintiffs, are her sole

heirs at law. Hence, the proof disclosed the fact that the plaintiffs were not directly the heirs at law of De Lamar Clayton, but of this only child who survived him and his wife. The proof offered by the plaintiffs did not, therefore, correspond with the allegations made by them. But no objections were made by the defendant to this proof. The abstract of title added by the amendment was simply the grant from the State. The allegation in the amendment that the plaintiffs were the sole heirs at law of De Lamar Clayton was not added as a part of the abstract of title, but was a distinct allegation of fact in the petition. Plaintiffs proved their abstract of title as it appeared in their amendment, without objection, by showing a certified copy of the grant from the State to Clayton. They did not prove that they were the sole heirs at law of Clayton, but proved, without objection, that they were the sole heirs at law of the sole heir at law of Clayton and his wife, and therefore showed title to the land. While this evidence did not correspond with the allegations in the petition that they were the sole heirs at law of Clayton, the defendant made no objection to title being proved in this way. Had he made objection, the plaintiffs may have amended their petition so as to claim title as it was proved. The defendant could not sit silently by and permit this proof of title, though made in a way different from that alleged in the petition, and claim that he was entitled to a verdict because the plaintiffs did not prove their title as alleged. When it appeared that they had proved title in a different way from that alleged, if the testimony by which it was thus proved had been objected to, it would have been ruled out, unless an amendment was offered making allegations to correspond with the proof. But if no amendment had been made, alleging facts to correspond with the proof, the evidence would have been ruled out, and the plaintiffs would have been nonsuited because of their failure to prove their case as laid. It was unnecessary for the plaintiffs to allege, in their petition for injunction, how they acquired title to the land, or to attach an abstract of title thereto. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342; *Dixon* v. *Mitchell,* 112 *Ga.* 158. In this case, regardless of the troubles with which the plaintiffs' case was afflicted, the defendant was not entitled to a verdict by reason of any evidence offered by him.

The defendant showed no title in himself to either the land or

the timber thereon, nor did he show any right to the possession thereof. The deeds tendered in evidence by the defendant, as abstracted in the record, show a connected chain of title from De Lamar Clayton, through several parties, into J. A. Dasher & Company; but there is no deed or other evidence in the record showing any title whatever in the defendant. It was alleged in the petition, and admitted by the defendant, that he had entered upon the land to box the timber and cut the trees; but, outside of his allegation and admission in the pleadings, there was no proof that the defendant was ever in possession of the land, and the statements in the pleadings referred to did not show how long it had been since defendant entered upon the land for the purposes stated. It also appears that the defendant claims under a deed purporting to have been executed by De Lamar Clayton, and the record discloses uncontradicted evidence of this deed being a forgery, if the grantor therein was the same person by that name referred to in the evidence of the plaintiffs. In addition to the facts stated, it appears that the deed from De Lamar Clayton was executed in 1852, whereas the uncontroverted evidence shows that De Lamar Clayton died in the year 1835. There may have been two persons by the name of De Lamar Clayton, although there is nothing in the record to affirmatively show such fact.

The court below committed error in directing a verdict for the defendant; and the judgment is

*Reversed. All the Justices concur.*