## Davis v. Banks.

Beck, J.  On the 16th day of February, 1912, Chamberlin-Johnson-Du-Bose Company sold to Weiss certain personal property, retaining title in the bill of sale. Walker, the attesting notary of the conditional bill of sale, was an officer and stockholder in the seller company. The instrument was recorded on March 6, 1912. Subsequently the vendor sued out an attachment against Weiss, which was levied on the personalty embraced in the bill of sale. The entry of levy of the attachment failed to state that the property levied on was the property of the defendant. Judgment in personam in the attachment proceeding was entered in favor of the plaintiff against the defendant, no notice having been given to the defendant. A general fi. fa. was issued on the judgment, and was levied upon the property in question. At the sale under this levy Davis became purchaser; and immediately thereafter the same property was levied upon as the property of Weiss under an attachment sued out by Banks. Davis filed a claim. On the trial of the claim case the conditional bill of sale was introduced as evidence. The judge directed a verdict for Banks. *Held:*

1. On account of the fact that Walker was a stockholder and officer in the original vendor corporation, the conditional bill of sale was not properly recorded.

2. As against persons acquiring liens on the property, other than contract liens acquired by parties having notice of the original conditional bill of sale, the sale to Weiss conveyed the absolute title.

3. Davis, the claimant, acquired no title under his purchase at a sale by virtue of a general execution based upon the judgment in personam rendered in the first attachment proceeding, where there had been no notice to the defendant in the attachment, and he had not appeared nor replevied the property.

4. It was not competent, on the hearing of the claim case, to amend the levy in the first attachment case or the judgment in that case. Such an amendment, if allowable under some circumstances, could not have had the effect of relating back so as to make the judgment rendered in the attachment case valid.

5. The court upon review declines to reverse the ruling in the case of *Albright-Pryor Co. v. Pacific Selling Co.,* 126 *Ga.* 498 (55 S. E. 251, 115 Am. St. R. 108).

6. Under the facts of the case the court properly directed a verdict in favor of the plaintiff. *Carithers* v. *Venable,* 52 *Ga.* 389; *Steen & Mar-*

*shall* v. *Harris*, 81 *Ga.* 681 (8 S. E. 206); *Cottrell* v. *Merchants Bank*, 89 *Ga.* 508, 517 (15 S. E. 944); *Parks* v. *Williams*, 137 *Ga.* 578 (73 S. E. 839); *Southern Iron & Equipment Co.* v. *Voyles*, 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 375, 29 Ann. Cas. (1913D) 369).

*Judgment affirmed. All the Justices concur.*
JULY 15, 1914.

Claim. Before Judge Bell. Fulton superior court. May 14, 1913.

*Smith, Hammond & Smith* and *H. B. Troutman,* for plaintiff in error. *E. D. Thomas,* contra.