BEAM *v.* ROME HARDWARE COMPANY.

ATKINSON, Justice. A money judgment was rendered in a justice court on January 13, 1934. An execution issued on January 23, 1934, was levied on described realty, April 23, 1936. A statutory claim was interposed by a third person. The execution did not show that it had ever been entered on the general execution docket, nor was there other evidence of such entry. The claimant introduced a warranty deed to himself from the defendant, reciting a valuable consideration, dated April 4, 1935, and recorded January 24, 1936. The judge directed a verdict finding the property subject. The claimant made a motion for new trial, based solely on the general grounds, and excepted to a judgment refusing a new trial. *Held*:

1. The recitals as to valuable consideration in the deed from defendant to claimant, as against the plaintiff in fi. fa., who was not a party to the deed and did not claim any right under it, were not competent evidence of the facts so recited. *Louisville & Nashville Railroad Co.* v. *Ramsay*, 134 *Ga.* 107 (67 S. E. 652); *Howard* v. *Snelling*, 32 *Ga.* 195; *Hanks* v. *Phillips*, 39 *Ga.* 550; *Dixon* v. *Monroe*, 112 *Ga.* 158 (37 S. E. 180); *Lanier* v. *Hebard*, 123 *Ga.* 626 (51 S. E. 632); *Sammons* v. *Nabers*, 184 *Ga.* 269 (191 S. E. 124).

2. There being no extraneous evidence as to a consideration, there was no evidence to show that the claimant was a purchaser bona fide and for value; and his deed would not, in virtue of the Code, § 39-701, requiring entry of executions on the general execution docket, be aided by failure of the plaintiff to obtain entry. In the circumstances the claimant's deed must yield to the plaintiff's older judgment. Code, § 110-507; *Eason* v. *Vandiver*, 108 *Ga.* 109 (33 S. E. 873); *Ray* v. *Atlanta Trust & Banking Co.*, 147 *Ga.* 265 (6) (93 S. E. 418). The judge did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 11767. APRIL 14, 1937.

*John Camp Davis*, for plaintiff in error.
*Jack Rogers, Barry Wright,* and *Henry J. Fullbright Jr.*, contra.