## POUND, clerk, *et al. v.* FAULKNER.

414

No. 13969.   January 15, 1942.   Rehearing denied February 12, 1942.

P. W. *Walton,* for plaintiffs.

W. H. *Key* and M. F. *Adams,* for defendant.

DUCKWORTH, Justice. ■ This case was brought to this court by a bill of exceptions which purports to contain all· of the evidence material to a clear understanding of the errors complained of. Code, § 6-801. The bill of exceptions contains a succinct statement of the oral testimony introduced upon the trial; but counsel for the defendant in error suggest in their briefs that the judgment should be affirmed, because the documentary evidence contained therein is not properly briefed. While most of the seventeen typewritten pages of evidence is devoted to a reproduction of documentary evidence, it can not be said that no bona fide attempt was made to comply with the statute. Code, § 70-305. Portions of some of the documents were omitted, and the documents copied in full contain very little that can be said to be irrelevant. This case therefore differs from *Harris* v. *McArthur,* 90 *Ga.* 216 (3) (15 S. E. 758), *Moss* v. *Birch,* 102 *Ga.* 556 (28 S. E. 623), and similar cases, where no bona fide attempt was made to brief the documentary evidence.

■ The execution levied in the instant case was issued for the purpose of collecting the fees due to the sheriff, the clerk of the superior court, and the solicitor-general, as a result of the prosecution and conviction of the defendant in fi. fa. for the offense of murder. These officers of the court are entitled to receive their fees from the fine and forfeiture fund in cases where defendants have been acquitted, or where the persons liable by law for the payment of the costs are unable to pay the same; but there is no provision of law authorizing the payment of these fees from this fund in cases where the convicted defendant is able to pay the costs. Code, §§ 27-2904, 27-2905, 27-2911. "The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after conviction on final trial. If convicted, judgment may be entered up against him for all costs accruing in the committing or trial courts, and by any officer pending the prosecution. The judgment shall be a lien on all the property of the

defendant from the date of his arrest, and the clerk shall issue an execution on the judgment against said property. The court may also direct the defendant to be imprisoned until all costs are paid." Code, § 27-2801. While the word "may" ordinarily denotes permission and not command (Code, § 102-103), the use of that word in the second sentence of the quoted section can not be construed to mean that the trial judge is vested with a discretion in the matter of taxing the costs against the convicted defendant. There is no provision of law for the payment of the fees of the officers of the court where the judge in his discretion fails to tax the costs against the convicted defendant, and it can not be assumed that it was ever intended that the compensation of these officers should rest in the discretion of the judge. On the contrary, all of the laws dealing with costs imply that the convicted defendant shall be liable for the payment of costs, and that the officers shall obtain their costs from him except in cases where he is unable to pay. Certainly the judge had no discretion in this matter before the adoption of the first Code. An act approved December 21, 1830 (Cobb, 860), provided: "It shall be the duty of the judge of the superior court, in the event of any person or persons being found guilty, . . to cause judgment to be entered up for all costs which may have accrued by reason of said arrest and prosecution." See also Cobb, 857, 859. The use of the word "may" instead of "shall" is insufficient to show that the codifiers intended to change the law so as to vest in the trial judge a discretion in the matter of entering judgment for costs, where no such discretion previously existed. We are dealing here with a case of conviction for, irreducible felony, and not with a conviction for a misdemeanor, where punishment is prescribed by the Code, § 27-2801, in the discretion of the court. Whether the rule as to costs in the latter case should be different is not decided.

Since the law allows the judge no discretion as to entering judgment for costs against the convicted defendant, but imposes the burden of paying costs as an incident to conviction, the verdict of guilty against the defendant imposed upon the judge the duty of entering judgment against him for the costs. "A judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after an execution issues." Code, § 110-311. Such an amendment may be made after the expiration

of the term at which the judgment was entered. *Robinson* v. *Vickers,* 160 *Ga.* 362 (2) (127 S. E. 849). The nunc pro tunc order which the judge entered in the instant case merely amended the former judgment to make it conform to the verdict which placed the burden of costs upon the defendant. This was proper. See Villines *v.* State, 105 Ark. 471 (151 S. W. 1023, 43 L. R. A. (N. S.) 207). Neither did the fact that the order was entered after the execution had been issued and levied render the order void. "You may prop the execution by working on the judgment, though you can not prop the levy by working on the execution." *McLendon* v. *Frost,* 59 *Ga.* 350. The ruling in *Davis* v. *Banks,* 142 *Ga.* 93 (4) (82 S. E. 497), has no application here, and is not in conflict with the present ruling, because the judgment there was void and could not be amended, because the defendant in attachment had not been given notice as required by law.

■ The claimant further contends that he is a bona fide purchaser for value and without notice. If this contention is sustained by evidence, then, irrespective of other questions, the property is not subject and claimant is entitled to prevail. Code, § 37-111. The deed from the defendant conveying to the claimant the land levied upon was dated subsequently to the date when the judgment of the Supreme Court affirming the conviction of the defendant for murder was made the judgment of the trial court. Under the law the defendant was a prisoner at the time, not entitled to bail; consequently he was most likely in prison, thus putting the claimant on notice of the lien for costs, or notice of a fact which if diligently investigated would have disclosed the lien. Code, § 37-116. But our decision on the question is based upon another and certain ground. The burden of proving that he was a purchaser for value and without notice was upon the claimant. *Eason* v. *Vandiver,* 108 *Ga.* 109 (33 S. E. 873); *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (6) (93 S. E. 418). Proof of payment of the purchase-money alone raises a presumption of good faith, and carries the burden of claimant. *Johnston* v. *Neal,* 67 *Ga.* 528; *Williams* v. *Smith,* 128 *Ga.* 306 (57 S. E. 801). The deed of conveyance of the property involved, reciting a consideration of $1200, was in evidence; but no testimony was introduced to prove that the recited consideration was in fact paid, nor was it otherwise proved to have been paid. This recital of the consideration in the deed and the

recital therein that it was paid does not carry the burden of proving payment of the purchase-money. *Louisville & Nashville Railroad Co.* v. *Ramsey,* 134 *Ga.* 107 (67 S. E. 652) ; *Beam* v. *Rome Hardware Co.,* 184 *Ga.* 272 (191 S. E. 126).

■ It is clear that the language of the will of J. A. Roberts had the effect of granting to the testator's children, including the defendant in fi. fa., a vested-remainder interest in the land here involved. Code, § 85-708; *Olmstead* v. *Dunn,* 72 *Ga.* 850 (2) ; *Burney* v. *Arnold,* 134 *Ga.* 141 (2) (67 S. E. 712). Such a remainder interest is subject to levy and sale as the property of the heir, though the life-estate be not terminated, if the executor has assented to the legacy for life. *Wilkinson* v. *Chew,* 54 *Ga.* 602; *Torbit* v. *Jones,* 145 *Ga.* 610 (89 S. E. 696) ; *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482). But the claimant makes the contention that the executor did not assent to the legacy. "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life-estate, may take possession immediately. If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will." Code, § 85-709. The executor in his testimony made the general statement that he had not assented to the legacies and bequests under the will of J. A. Roberts. However, he stated other facts from which it appears that he had assented to the bequest. He stated that he managed the property for his mother, the life-tenant, and gave her the proceeds therefrom or expended them for her benefit. He further stated that the life-tenant "enjoyed her life-interest in the realty" until she conveyed her interest to the claimant in 1939. The will did not place upon the executor the duty of managing the realty during the existence of the life-tenancy; and the above testimony can only be construed to mean that the witness was acting as the agent of the life-tenant in the transactions referred to. This evidence clearly showed that the executor had assented to the legacy to the life-tenant, and this assent inured to the benefit of the remaindermen.

■ When the executor assented to the devise to the life-tenant, he parted with all power and control over the land as such executor. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598) ; *Wilson* v. *Alden-*

*derfer,* 183 *Ga.* 760 (189 S. E. 907). The claimant introduced evidence showing that after the executor had assented to the devise of the land he advanced to the defendant in fi. fa. more than his proportionate part of the estate remaining in his hands. Apparently there was some agreement that the defendant in fi. fa. should reimburse the executor on the final settlement of the estate and after a sale of the land. In fact it does appear that the defendant received none of the proceeds from the sale by him and the other remaindermen to the claimant, and that these proceeds were divided among the other remaindermen. However, the facts are insufficient to show that the defendant had been divested of title, or that the executor had any lien against his interest in the land at the time the lien of the instant judgment attached to the land. Title to the land having once vested in the defendant, it could not be divested other than in some manner provided by law. It follows from what has been said that the court erred in rendering judgment for the claimant.

*Judgment reversed. All the Justices concur.*