## TONEY et al. v. TONEY.

JENKINS, Presiding Justice. 1. Although the overruling of a general de-murrer to a petition, without any exception to the judgment, estab-lishes the law of the case, the plaintiff is not relieved by such a judg-ment from proving his case substantially as laid in the petition. Es-pecially is this true, if there be anything in the petition that is valid, where the judgment itself does not hold that all the averments of the petition are good, but, as in the instant case, without holding what averments are good, merely states that a general demurrer to such a petition should be overruled. See, in this connection, Burroughs v. Reed, 150 Ga. 724 (105 S. E. 290); Phinizy v. Phinizy, 154 Ga. 199 (2-a), 211 (114 S. E. 185); Bailey v. Ga. & Fla. Ry., 144 Ga. 139 (2) (86 S. E. 236); Benson v. Andrews, 149 Ga. 758 (1-3) (102 S. E. 148).

2. Where one who can read signs an instrument without apprising him-self of the contents, and there is no relation of trust and confidence between the parties, he cannot attack the instrument merely on the ground that he was ignorant of its nature and effect, unless he shows that some emergency existed such as would excuse his failure to read the paper, or that his failure to read was caused by some misleading artifice or device perpetrated by the opposite party, amounting to ac-tual fraud such as to reasonably prevent a reading of the paper. Mor-rison v. Roberts, 195 Ga. 45 (23 S. E. 2d, 164), and cit.; Lewis v. Foy, 189 Ga. 596 (6 S. E. 2d, 788); Hancock v. Gunter, 195 Ga. 646, 651 (24 S. E. 2d, 772), and cit. Accordingly, in so far as the instant peti-tion sought to cancel a deed from the plaintiffs to the defendant, the execution of which was undisputed, because of ignorance of its con-tents and the general charge of "fraud," the court did not err in di-recting a verdict against the plaintiffs as to relief on that ground, where there was no evidence of any fraud to mislead the plaintiffs and prevent them from reading the deed before its execution.

3. A deed that recites on its face a consideration of $10 "and other val-uable consideration in hand paid" at the time of its execution is not a voluntary conveyance, but presumptively is valid as based on an ac-tual valuable consideration. Thus, on a petition by the grantors for cancellation and other equitable relief, attacking such a deed as with-out consideration, while an inquiry into the actual consideration is not

precluded, the burden is on the grantors to show that none in fact existed. See *Nathans* v. *Arkwright*, 66 *Ga.* 179 (1-a); *Pierce* v. *Bemis*, 120 *Ga.* 536 (48 S. E. 128); *Martin* v. *White*, 115 *Ga.* 866, 868 (42 S. E. 279); *Glenn* v. *Tankersley*, 187 *Ga.* 129 (4) (200 S. E. 709); *Lifsey* v. *Mims*, 193 *Ga.* 780 (4) (20 S. E. 2d, 32); *Hall* v. *Calhoun*, 140 *Ga.* 611 (2) (79 S. E. 533).

(*a*) Decisions holding that a recital of consideration, made in a deed, is not competent evidence of its payment, and that the burden is on the party claiming a valid consideration, were not suits between the parties to the instrument, as in the instant case, where the grantor or one in privity with him sought relief against the instrument or some right thereunder, but were cases involving the rights of a plaintiff in fi. fa.' in a claim case, or the rights of an alleged bona fide purchaser on whom fell the duty of proving positively that he had paid value for the property. See *Beam* v. *Rome Hardware Co.*, 184 *Ga.* 272 (191 S. E. 126), and cit.; *Pound* v. *Faulkner*, 193 *Ga.* 413 (4), 418 (18 S. E. 2d, 749), and cit.; *Louisville & Nashville R. Co.* v. *Ramsay*, 134 *Ga.* 107 (2), 111 (67 S. E. 652).

(*b*) Since the plaintiff grantors in this case, seeking relief against the deed, failed to negative by positive proof the receipt of any valuable consideration from the defendant grantee, as presumptively shown by the recital in the instrument and indicated by the defendant's testimony, and the attack on the deed as without consideration failed, the court did not err, on this ground, in directing the verdict against the plaintiffs as to the lot of land involved in the deed.

4. Nor did the court err in directing the verdict against the plaintiffs as to a second lot of land, their interest in which, as heirs of their deceased mother, they sought to recover from her husband, the stepfather of the plaintiffs, since under the undisputed testimony the title to this lot, before its sale for taxes and a tax deed held by a third person, was in the defendant husband; and since, under the undisputed evidence, the money paid by the deceased wife in redeeming the property from taxes and taking a deed in her name belonged to the husband, and there was no gift of the money or property to her, so that an implied or resulting trust thus arose in favor of the defendant husband.

5. In the general grounds of the plaintiffs' motion for new trial they attacked, as without supporting evidence, the special finding of the jury in this equity case that there was no partnership in a produce business between the defendant husband and his deceased wife, the plaintiff's mother, whose interest they sought to recover as heirs; and they attacked the special finding of the jury that there had been a settlement between the parties, in which the plaintiffs relinquished their rights in their mother's jewelry. However, as to the issues covered by these grounds, the evidence, though conflicting, authorized the findings.

*Judgment affirmed. All the Justices concur.*

No. 14640.   OCTOBER 7, 1943.

*Mitchell & Mitchell,* for plaintiffs.
*Thomas J. Lewis* and *C. G. Battle,* for defendant.