THORNTON, executrix, *v.* HARDIN *et al.*

HAWKINS, Justice. 1. In *Thornton* v. *Hardin,* 205 *Ga.* 215 (52 S. E. 2d, 841), this court held that, where property was devised to the present plaintiff by her husband for and during her natural life, with remainder over to their six children after her death, and the plaintiff was both the life tenant and the executrix, and as such she remained in possession of said lands for more than 40 years, during which time she exercised acts of ownership over the property, the assent of the executrix to the life estate in her favor would be presumed; and that the assent of an executrix to a devise .to a life tenant inures to the benefit of the remaindermen. After such assent by the executrix, the vested-remainder interest of the remaindermen is subject to sale by them without any additional assent from the executrix, though the life estate be not terminated. *Pound* v. *Faulkner,* 193 *Ga.* 413 (5) (18 S. E. 2d, 749).

2. When an executrix assents to the devise to the life tenant, she parts with all power and control over the land as such executrix. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598); *Pound* v. *Faulkner,* 193 *Ga.* 413, 419 (6) (supra).

3. Under the foregoing rulings, the auditor did not err in sustaining a general demurrer to the petition of the plaintiff executrix, seeking to cancel as clouds upon her title to the land a deed executed by M. F. Thornton, one of the six remaindermen, to E. W. Smith to a one-sixth undivided interest in the timber upon the land, and the deed from E. W. Smith to N. A. Hardin, conveying the same undivided interest in the timber; and the court did not err in overruling the exception of law to this finding by the auditor.

770

4. No exceptions of fact having been filed to the findings of the auditor, to the effect that the plaintiff, who was life tenant, and the five remainermen other than M. F. Thornton, had conveyed away by security deeds all of their rights, title, and interest in the lands known as the Childs Place, which security deeds had been foreclosed by the grantees therein by a sale of the property thereby conveyed under the power of sale contained in the security deeds—the exception of law filed to the judgment by the auditor that Mrs. Sarah E. Thornton (the plaintiff), having parted with her interest in the Childs Place by several deeds to secure debts under the power contained therein, has no complaint for timber cut thereon or to enjoin the further entry or cutting of timber thereon, is without merit, and the trial court did not err in overruling the same. *Judgment affirmed. All the Justices concur.*

No. 16769. SEPTEMBER 15, 1949.

*B. H. Manry* and *Gloria Ann Clark*, for plaintiff.
*Williams & Freeman*, for defendants.