## WILLIAMS v. McARTHUR, sheriff.

1. Whether an affidavit of illegality should be accepted by a levying officer is to be determined by an inspection of the paper, and not by inquiring into the truth of its recitals.
2. An execution is not legally issued when what purports to be the signature of the clerk thereto is not affixed by him or by his authority.
3. The writ of mandamus lies to compel a levying officer to accept a good affidavit of illegality.

Submitted May 19, — Decided June 5, 1900.

Petition for mandamus. Before Judge Littlejohn. Sumter superior court. February 26, 1900.

*Blalock & Cobb* and *Shipp & Sheppard*, for plaintiff.
*J. A. Hixon* and *J. H. Lumpkin*, for defendant.

LUMPKIN, P. J. An execution in favor of the National Building and Loan Association of Montgomery, Ala., against C. E. and P. H. Williams, was levied upon property belonging to P. H. Williams, who thereupon tendered to McArthur, the sheriff of Sumter county, an affidavit of illegality, which the officer refused to accept. Williams then sued out a petition for mandamus to compel the sheriff to accept the affidavit; the court refused to make the mandamus absolute, and Williams excepted. One ground of this affidavit was as follows: "Because said execution was signed, or purports to be signed, by J. H. Allen, clerk of superior court of Sumter county, when in truth and in fact the same was not signed by said J. H. Allen, clerk, and it was not signed by any one who had the legal authority or right to sign the same as it is for him. Neither was it signed in his presence." In the view we take of the case, it is unnecessary to set forth the other grounds of the affidavit.

1. At the hearing the court, over the objection of the plaintiff, heard evidence as to the truth of the allegations made in the affidavit of illegality. This was not the proper practice. When a good affidavit of illegality is tendered to a sheriff, it is his duty to at once accept it and suspend further proceedings upon the execution. If the allegations contained in the affidavit on their face show either that the execution issued or is proceeding illegally, the officer will be protected in accepting it, and he has no right to decline to do so simply because, in

his opinion, these allegations do not speak the truth. . When, therefore, the court is called upon to compel its officer to discharge his plain duty in such a matter, there should be no inquiry into the truth of the allegations made by the defendant in execution. The only good reason which the officer could set up for declining to accept the affidavit would be that it did not present any sufficient ground for suspending proceedings upon the execution. The law prescribes the manner in which the issues raised by the filing of a legally sufficient affidavit of illegality shall be tried and disposed of, viz., that the sheriff shall return the same, along with the execution, to the proper court, where both the plaintiff in execution and the defendant may be fully heard on the questions at issue, to the end that both may be bound by the judgment rendered. To a proceeding by mandamus to compel the officer to return the papers into court as the law directs, the plaintiff in execution is not a party ; and it is therefore obvious that the judge, in dealing with the application for mandamus, ought not, by entering upon an investigation into the truth of the recitals of fact contained in the affidavit of illegality, to anticipate and undertake to settle the controversy between the plaintiff in execution and the defendant which is to be passed upon and adjudicated when the case comes on for a hearing at the proper time and place. On the contrary, the judge should follow the practice which this court, in *Taylor v. Reese*, 108 *Ga.* 380, held to be appropriate in the event of an application to it for a mandamus to compel a trial judge to certify a bill of exceptions.

2. It is the duty of the clerk of a court in which a money judgment has been rendered, to issue an execution thereon. An essential part of the issuing of this writ is that it should be signed officially. When a paper purporting to be an execution has not been signed by the clerk or by his deputy, or by any person having authority to sign it, no argument is necessary to show that it is not a valid execution. In legal contemplation such a paper is on no better footing than one not signed at all; and an unsigned document can not be an execution. It is a mere nullity. *Rawles v. Jackson*, 104 *Ga.* 593. Unquestionably, then, it was the duty of the sheriff to accept the affidavit tendered him by Williams; and it appearing that the officer

had declined to do so, the judge ought to have granted the application for mandamus, if it was the right of the defendant in execution to resort to this remedy.

3. We have no doubt that this was the proper course for him to pursue. Section 4867 of the Civil Code declares that "All official duties should be faithfully fulfilled, and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." It was certainly the official duty of the sheriff to accept the affidavit of illegality. It is equally true that "a defect of legal justice would ensue" from his failure to perform this duty; and there was "no other specific legal remedy" for the enforcement of the rights of the defendant in execution. If the execution was illegally issued, or was really no execution at all, it was the undoubted right of Williams to file his affidavit of illegality, and, upon its rejection, to avail himself of the writ of mandamus to compel acceptance of it, in order that he might not be ousted from the possession of his property by virtue of an unlawful sale thereof.

As above stated, we deem it unnecessary to deal with the other grounds of the affidavit of illegality, and as to their merits we express no opinion. It is sufficient to our present purpose to show that the judge erred in refusing to make the mandamus absolute, for the reason that the affidavit of illegality contained at least one good ground for suspending proceedings under the execution. After he shall have done so, the merits of all the grounds of the illegality can be passed on when the case arising thereon is tried.

*Judgment·reversed. All concurring, except Fish, J., absent.*