### RAY *et al. v.* ATLANTA TRUST & BANKING COMPANY.

1. Where one deposits with a bank a bond for title to land as security for a loan, and the bank voluntarily enters into another transaction with the maker of the bond, surrendering it to him and receiving in lieu of it a deed conditioned to be void upon payment of the purchase-money, and also an escrow deed conveying the land to the obligee in the bond, when the last purchase-money note for the land is paid the defeasance deed becomes void, and the escrow deed, having been filed for record by the bank, operates to convey the full title for general purposes.

2. The trial court erred in holding that the deeds made by the Atlanta Trust and Banking Company, for the purpose of levy and sale, were "in the nature of escrow deeds." The bank, having no title, could convey none.

3. The execution under which the land in controversy was sold, not having been signed by the clerk of the court rendering the judgment, was void; and the trial court did not err in holding that "the levy and sale did not have the effect in any way to change the status of the judgment and property."

4. More than seven years having elapsed since the rendition of the judgment, and no valid execution having been issued thereon, the judgment became dormant.

5. The court did not err in holding that "the money paid by the Atlanta Trust and Banking Company having been applied to discharge a good and subsisting lien upon the property in controversy, and the sale being void, therefore, before Mrs. Ray can recover the property, in equity and good conscience she is bound to reimburse the Atlanta Trust and Banking Company to the extent that its money was used to pay off a valid and subsisting lien upon that property."

6. As between the parties to a suit it is not necessary that an execution be entered upon the general execution docket. This is only required for the protection of innocent third parties who may acquire a lien upon the property affected by the judgment. As to third parties, the burden is upon them to show that they are innocent purchasers without notice.

　　　　　AUGUST 17, 1917. ON REHEARING, SEPTEMBER 18, 1917.

Equitable petition. Before Judge Ellis. Fulton superior court. July 3, 1915.

Lavender R. Ray bought a city lot from Morris. He paid part cash and gave his notes for the balance of the purchase-money. Morris executed to him a bond conditioned to make title upon the payment of the purchase-money notes. Afterwards Ray sold a part of the land to John H. James, and took James's notes. The James notes were deposited with the Atlanta Trust and Banking Company, and their payment applied to the satisfaction of the purchase-money notes of Ray to Morris, held by the bank. Ray borrowed $1500 from the Atlanta Trust and Banking Company, and gave his notes therefor. The additional loan to Ray was secured by a transfer by him to the bank, dated October 16, 1893, of the bond for title from Morris to Ray. Ray made a deed, dated March 21, 1895, conveying the land to his wife, in which was recited a consideration of $5,000. On November 2, 1893, Morris indorsed and discounted the notes of L. R. Ray, which he held, to the Atlanta Trust and Banking Company; and at the same time the bank voluntarily surrendered to Morris his bond for title, which it had obtained from Ray; and Morris executed to the bank a "defeasance" deed to the effect that said deed would be void upon the payment of the purchase-money, and also delivered to the bank a deed conveying the land to Ray, to be held in escrow and delivered to Ray upon the payment of the purchase-money notes. The last purchase-money note was paid April 27, 1895. Ray defaulted in the payment of his note due to the bank, and the bank obtained judgment thereon in the superior court of Douglas county, and an invalid execution issued. A deed from the Atlanta Trust and Banking Company, dated May 12, 1898, and containing on its face a statement that it was "executed and filed for the purpose of levy and sale," was made to L. R. Ray, and recorded on the following day. The Atlanta Trust and Banking Company also made a quitclaim deed to L. R. Ray, which recited on its face that it was made "for the purpose of levy and sale, and in pursuance of the deed from E. S. Morris to the Atlanta Trust & Banking Company." This deed was dated May 2, 1899, and recorded on May 3, 1899. The land was sold at sheriff's sale, and was purchased by the bank. An execution in favor of Franklin, ordinary, for use, etc., *v.* Ray et al., from the city court of Atlanta, was placed in the hands of the sheriff to claim the money. The proceeds of the sale were finally applied to this execution. In the year 1899 Mrs. Ray filed

a suit against the bank, alleging that the original purchase by Ray was on her own behalf, and with her funds. After this petition was pending for several years, an amendment was filed, alleging that the execution issued upon the judgment against Ray, rendered in Douglas county, by virtue of which the land was sold, had never been signea by the clerk of the superior court, and that it and the sale thereunder were void.

Litigation over the lot of land here involved, and the application of the proceeds of the sale thereof by the sheriff, has continued from the year 1899 until the present time, appearing in this court in various phases. For a more complete history of the litigation and statement of the facts see *Ray* v. *Atlanta Trust & Banking Co.*, 111 *Ga.* 853 (36 S. E. 769) ; *Atlanta Trust & Banking Co.* v. *Nelms*, 115 *Ga.* 53 (41 S. E. 247) ; *Atlanta Trust & Banking Co.* v. *Nelms*, 116 *Ga.* 915 (43 S. E. 380) ; *Atlanta Trust & Banking Co.* v. *Nelms*, 119 *Ga.* 630 (46 S. E. 851). Eleven years elapsed from the date of the last decision, when, in March, 1915, the Atlanta Trust and Banking Company filed an additional amendment, in the nature of a cross-bill, to its answer to the original equitable petition filed by Mrs. Ray. This cross-bill contained the following prayers: (1) "That said money being paid by this defendant for said property at said sale, which sale was void and passed no title, and which money was appropriated to the discharge pro tanto or in full of a valid lien to which the property in dispute was subject at the time the plaintiff claims the title vested in her under the deed from L. R. Ray, this defendant is entitled to be substituted to all the rights of the holder of said lien. (2) That it be decreed that this defendant has a lien superior to the claim of title of said plaintiff, upon said property in dispute, for the amount which was appropriated to the discharge of said judgment lien. (3) That said property be decreed sold, and out of the proceeds there be paid to this defendant the said sum, with interest, unless the plaintiff pays to the defendant said sum, with interest. (4) That it be decreed if the said plaintiff shall pay said sum with interest, within a date to be fixed in said decree, then her title be confirmed and said property to belong to said plaintiff." To the cross-bill filed by the bank Mrs. Ray filed a general and special demurrer, and an answer. The issues were submitted by consent to

the judge, without the intervention of a jury. The court rendered the following decree, and Mrs. Ray excepted.

"I. It is found that L. R. Ray had a contract to purchase certain property, including that in controversy, with one Morris, evidenced by a bond for title to him from Morris, and that the said Ray borrowed from the Atlanta Trust & Banking Company the money which is the foundation of the claim of said banking company in this cause; and it is held that when the said Ray transferred that bond to the Atlanta Trust & Banking Company he parted with all interest he had in the property in controversy, except the possible equity of paying the balance of the purchase-money to Morris, and the debt due the Atlanta Trust & Banking Company. It is found that this transaction antedated the deed from L. R. Ray to his wife, Mrs. A. F. Ray, and that the deed to Mrs. Ray conveyed no title to Mrs. Ray, and no interest, except the equity which would have remained in L. R. Ray after paying the debt to said banking company.

"II. It is held that the transaction between Morris and the Atlanta Trust & Banking Company, in which the bond for title by the Atlanta Trust & Banking Company was delivered up to Morris, did not affect the rights, interests, or claim of either L. R. Ray or his wife, as between them and the Atlanta Trust & Banking Company. It is held that, when the purchase-money was paid, Morris held the legal title, and under the statute of uses the law vested the title in whoever held the beneficial interest; and that the Atlanta Trust & Banking Company being the owner of the beneficial interest, the law vested in it the legal title.

"III. It is held that the deeds made by the Atlanta Trust & Banking Company, in order for levy and sale, did not have the effect to vest the title in L. R. Ray, but were in the nature of escrow deeds.

"IV. It is held that the execution in favor of the Atlanta Trust & Banking Company against L. R. Ray was void for the reason that it was not signed by the clerk of the superior court of Douglas county, but the judgment on which said execution was founded was regular and valid.

"VI. It is held, that, the levy and sale of the property under that void execution being void, said levy and sale did not have the

effect in any way to change the status of the judgment and property, and that status remains as it did before the levy and sale.

"VII. It is held, that, L. R. Ray being a party to the present case, the judgment against him did not become dormant, and therefore is a valid and subsisting lien upon his property.

"VIII. The sale of the property referred to in the pleadings being void, it is held that the money paid by the Atlanta Trust & Banking Company having been applied to discharge a good and subsisting lien upon the property in controversy, and the sale being void, therefore, before Mrs. Ray can recover the property, in equity and good conscience she is bound to reimburse the Atlanta Trust & Banking Company to the extent that its money was used to pay off a valid and subsisting lien upon that property."

*W. R. Hammond* and *R. O. Lovett,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, John K. MacDonald Jr.,* and *Mark Bolding,* for defendant.

GILBERT, J. (After stating the foregoing facts.)

1. The court correctly held that the deed from L. R. Ray to Mrs. A. F. Ray conveyed no title, and no interest "except the equity which would have remained in L. R. Ray after paying the debt to said banking company." At the time of the execution of this deed L. R. Ray had only an equity in the land, which entitled him to a deed conveying the full title upon the payment of his indebtedness to the bank. The bank, however, voluntarily entered into another transaction with Morris, by which it surrendered to Morris his bond to make title to L. R. Ray, receiving in lieu thereof the defeasance deed and the escrow deed mentioned in the statement of facts. When the last purchase-money note of Ray to Morris was paid, the defeasance deed became void, and the escrow deed, having been filed for record by the bank, operated to convey the full title to Ray for general purposes. *Atlanta Trust & Banking Co.* v. *Nelms,* 115 *Ga.* 53, 61 (41 S. E. 250). The court, in deciding at that time the rights of the bank incident to this particular part of the transaction, said: "The bank thereby forever waived its right under the bond for title to demand from Morris an unconditional deed to itself, by which it might have retained title until its demand against Ray upon the loan to him should be paid." And further, as to the effect of the deposit of the escrow deed, the court said: "This, however, certainly did not operate

as a lien upon the land, for it was merely the equivalent of a deposit as security of a bare muniment of title by a debtor with his creditor, to guarantee the payment of a loan. Such a deposit operates neither to transfer to the creditor the debtor's title, nor to establish in favor of the former any lien either legal or equitable upon the property described in such muniment of title. . . Certain it is, the title was no longer in the bank."

It was error to hold, that, "when the purchase-money was paid, Morris held the legal title, and under the statute of uses the law vested the title in whoever held the beneficial interest; and that the Atlanta Trust & Banking Company being the owner of the beneficial title, the law vested in it the legal title." It follows from what has been said that the statute of uses does not apply to the facts of this case, since the bank had voluntarily parted with all of its interest, legal and equitable.

2. The court erred in holding that the deeds made by the Atlanta Trust & Banking Company, for the purpose of levy and sale, were "in the nature of escrow deeds." The bank, having parted with its entire title, could convey none; and hence its deeds made and recorded for the purpose of making levy and sale were ineffectual for any purpose. This court, in passing upon the effect of the escrow deed executed by Morris, said: "If the delivery of the escrow deed to the clerk had any effect at all, it effectually passed the Morris title into Ray for all general purposes, and all judgment liens against Ray immediately attached." *Atlanta Trust & Banking Co. v. Nelms, supra.*

3. The trial court correctly ruled that the execution, not having been signed by the clerk of the court, was void, and the sale thereunder was void, and the purchaser thereat obtained no title (*Biggers v. Winkles,* 124 *Ga.* 990, 53 S. E. 397) ; and that "said levy and sale did not have the effect in any way to change the status of the judgment and property."

4. The court erroneously ruled that L. R. Ray, "being a party to the present case, the judgment against him did not become dormant, and is therefore a valid and subsisting lien upon his property." Our code declares, "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it." Civil Code (1895), § 3761. This was the law as it stood in 1898, when the judgment here involved was rendered. It

also appears in the Code of 1910 as section 4355. In 1910 the General Assembly passed an act which changed the law requiring entries of executions to be made only on the general execution docket, but this act in no wise affects this case. The issuing of a void execution is the same as if no execution were issued.

5. The court held that "the money paid by the Atlanta Trust & Banking Company having been applied to discharge a good and subsisting lien upon the property in controversy, and the sale being void, therefore, before Mrs. Ray can recover the property, in equity and good conscience she is bound to reimburse the Atlanta Trust & Banking Company to the extent that its money was used to pay off a valid and subsisting lien upon that property." Upon the original consideration of the case this court affirmed the ruling just quoted. The plaintiff in error filed a motion for a rehearing; and a rule nisi was passed, requiring the defendant in error to show cause why the decision should not be set aside or modified. After considering the points made by the motion for a rehearing, and the response to the rule nisi, we are of the opinion that our former judgment was correct; but we have modified our opinion so as to eliminate an inadvertent statement therein, and to correct that portion of our decision to make it rest upon a different basis.

It is insisted by the plaintiff in error that the Franklin execution, to which the proceeds of the sheriff's sale were applied, was not a valid lien against the property, because the property was not that of L. R. Ray, but of the plaintiff in error, Mrs. Ray. If the relation of Mrs. Ray and her husband as to the use of her funds was not a trust relation, but was that of creditor and debtor, the equitable title was in L. R. Ray at the time the Franklin judgment and fi. fa. issued, on September 28, 1894. On March 21, 1895, Ray executed a deed conveying this property to his wife for a stated consideration of $5,000. Under the evidence in this case the trial court was authorized to find that Mrs. Ray loaned the money to her husband with which to buy the property, and that she elected to treat the matter between her husband and herself as one of debtor and creditor, and to accept the conveyance just mentioned as a payment on the debt. The testimony of L. R. Ray and Mrs. Ray frequently refers to the debt, and the deed indicates the same thing. The Franklin judgment as soon as rendered became a lien

on whatever interest Ray had in the property. *O'Connor* v. *Georgia Railroad Bank,* 121 *Ga.* 88 (48 S. E. 716). Ray's conveyance to his wife did not divest the lien. The bank, therefore, having paid its money to the extinguishment pro tanto of a valid lien on the property, is entitled to be subrogated to the extent of its payment to the rights of that lienholder. The principle of subrogation here applied is not that of one lienholder paying off the claim of another; it is simply that of a purchaser at a void sale who pays his money to extinguish a lien, but who is deprived of obtaining the property because the sale is void. It is to be noted that the bank was not a volunteer in the transaction. We will not reverse this ruling of the trial judge. Perry *v.* Adams, 2 Am. St. R. 326, and note (98 N. C. 167, 3 S. E. 729); Scott *v.* Dunn, 30 Am. D. 177, and note (21 N. C. 425); 16 R. C. L. 76; 37 Cyc. 454. The claim of subrogation made by the bank was not barred, as contended, because not asserted within a reasonable time.

6. It is insisted by the plaintiff in error that the Franklin lien is not valid, because the execution was not entered upon the general execution docket in the county of the residence of the defendant, as required by law. The law does not require an execution to be entered upon the general execution docket, in so far as it concerns the interests of the parties to the suit. The validity, therefore, of the lien upon the property as to L. R. Ray is not affected by a failure to enter the execution upon the general execution docket. We have already held that the trial court was authorized to find that Mrs. Ray was a purchaser under the deed of March 21, 1895. As such, the burden is upon her to show that she purchased bona fide, and without notice of the lien in question. *Eason* v. *Vandiver,* 108 *Ga.* 109 (33 S. E. 873). The trial court was authorized to hold that the plaintiff in error had failed to carry the burden.

*Judgment affirmed in part, and reversed in part. Evans, P. J., and Beck, Atkinson, and Hill, JJ., concur. Fish, C. J., absent.*