## BATTLE *et al. v.* WARREN COUNTY FERTILIZER COMPANY *et al.*

1. All demurrers to petitions shall be filed and determined at the first term of court, unless continued by the court or by consent of parties. Where a defendant at the appearance term of court filed a general demurrer to a petition, he could not, at the second term, amend such general demurrer by adding grounds of special demurrer.
2. An execution issued on a judgment, and signed with the name of the clerk of the superior court, but not signed by the clerk or by his deputy clerk or in his immediate presence and by his direction and authority, is void.
3. A petition by the defendant in execution and several vendees to whom such defendant conveyed lands before the date of the execution, against the plaintiff in fi. fa. and the sheriff of the county, to enjoin the levy of the fi. fa. from proceeding, shows such community of interest on the part of the plaintiffs as will entitle them to bring a joint suit for that purpose, in order to avoid a multiplicity of suits.
3. The petition set out an equitable cause of action, and the court below erred in dismissing it on general demurrer.

No. 3475. MAY 21, 1923.

Equitable petition. Before P. B. Johnson, judge pro hac vice. Warren superior court. October 6, 1922.

Mrs. Bessie Cason Battle and others brought a petition against the Warren County Fertilizer Company, seeking to enjoin the sale of certain property levied on under an execution which was claimed by the plaintiffs to be void, for the following reasons: (*a*) that the original date of its issue and entry upon the general execution docket was April 14, 1921, and was changed to April 12, 1921, and that there was no note or entry or certificate of the change in date, showing when it was made, or by whom; (*b*) that the execution is null and void, because it was signed by Miss Opal

Kitchens, who was not a deputy clerk in the office of the clerk of the superior court of Warren County, by signing the execution in the name of " A. E. Massengale," clerk, and was not signed by Miss Kitchens by direct authority. of A. .E. Massengale and in his. immediate presence and under and by his immediate direction. and authority. It was also alleged that the plaintiffs are without adequate remedy in a court of law, and that the present petition is brought in order to prevent a circuity and multiplicity of actions. There was a prayer not only that the execution should .be declared null and void, but that it be decreed that the security deeds executed by Mrs. Bessie Cason Battle to Mrs. Louise Whiteley, J. .C. Evans Cotton Co., Jonas Weathers, and J. H. Battle, the other plaintiffs, have a prior lien upon the described land levied upon, to that of the execution of the Warren County Fertilizer Co.; and that the fertilizer company and sheriff be enjoined from selling or offering for sale the land levied upon under .the execution until the rights of plaintiffs be established by a decree of court: There was also a prayer for general relief. A general demurrer to the petition was filed on September 3, 1921. When the case was called for trial at the October term of the superior court, on October 6, 1922, the defendants offered an amendment to the general demurrer, on the ground that the original petition should be dismissed because there was a misjoinder of parties, for the reason it does not appear that there is any community of interest among the parties to the case. At the time the amendment to the demurrer was offered the plaintiffs objected to its allowance on the ground that the defendants could not, after the first term of court to which the suit had been filed, amend their general demurrer by adding grounds thereto to dismiss the petition because of a misjoinder of parties. The court allowed the general demurrer to be amended by the defendants, and to this judgment of the court plaintiffs excepted. After the amendment to the general demurrer was allowed, the trial judge sustained the demurrer as amended and dismissed the petition. To this judgment of the court sustaining the demurrer as amended and dismissing the petition the plaintiffs excepted.

    *L. D. McGregor,* for plaintiffs.    *M. L. Felts,* for defendants.

    HILL, J. (After stating the foregoing facts.)

    1. The Civil Code (1910), § 5630, provides that " In all cases

demurrer, pleas, and answer shall be disposed of in the order named; and all demurrers and pleas shall be filed and determined at the first term, unless continued by the court, or by consent of parties." In *Neil* v. *Dow Law Bank,* 138 *Ga.* 158 (74 S. E. 1027), this court held that "Where an equitable petition is defective because of a misjoinder of parties, the same is subject to a special demurrer filed at the first term; but the petition should not be dismissed on a motion in the nature of a general demurrer made at the trial term and based upon this ground alone." See *Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200). And in *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724 (2) (28 S. E. 994), it was held that "Where a defendant at the appearance term filed a general demurrer to a declaration, he could not at the second term amend such general demurrer by adding thereto grounds of special demurrer; and the filing of such special demurrer after the time allowed by law is a good reason why the court should overrule and disallow it." We are of the opinion that the trial judge erred in allowing the demurrer to be amended at the trial term, and therefore the special demurrer which raised the question of misjoinder of parties could not be properly considered.

2. The general demurrer raises the question as to whether the petition set out a cause of action. The petition alleged, among other things, that the sheriff of Warren County had levied an execution in favor of the Warren County Fertilizer Company against Mrs. Bessie Cason Battle, on certain described property set out in the petition, and that about the time the judgment was obtained Mrs. Battle made several conveyances of property as security, conveying different tracts of land, which was levied on under the execution, to different plaintiffs as set out in the petition. The execution was attacked by all of the plaintiffs as being void for various reasons, among others, that the date on which it had been entered upon the general execution docket was changed from April 14th to April 12th, 1921, and that there was no note or entry or certificate of the change in the date of its entry upon the general execution docket made by the clerk of the superior court, as to why such change in the date was made. It was also. alleged that the execution was void, because it was executed by Miss Opal Kitchens, who was not a deputy clerk in the office of the

clerk of the superior court of Warren County, by signing the execution in the name of "A. E. Massengale," clerk, and that it was not signed by Miss Kitchens by direct authority of A. E. Massengale, clerk, and in his immediate presence and under and by his immediate direction and authority. Here, then, is a community of interest on the part of all of the plaintiffs, in order to determine whether or not the execution levied in the present case is void. It appears from the petition also that the rights of each of the plaintiffs are dependent upon this one issue. Is the execution, therefore, void?

The Civil Code (1910), § 6018, provides that "Executions (except as hereinafter provided) shall be issued by the clerks of the several courts in which judgment shall be obtained, and bear test in the name of the judge of such court, and shall bear date from the time of their issuing, and (except as hereinafter provided) shall be directed 'to all and singular the sheriffs of this State and their lawful deputies,' and may be levied on all the estate, real and personal, of the defendant, subject to levy and sale." In *Williams* v. *McArthur,* 111 *Ga.* 28·(2) (36 S. E. 301), it was held that "An execution is not legally issued when what purports to be the signature of the clerk thereto is not affixed by him or by his authority." In *Biggers* v. *Winkles,* 124 *Ga.* 990 (53 E. 397), this court held: "One of the duties of the clerk of the superior court is to issue and sign executions based upon judgments rendered in that court. He may appoint a deputy, and such deputy will be authorized to issue executions; but he should not sign them with the name of the clerk, as if the clerk himself had made the signature. The clerk of the superior court can not by· oral authority confer general power upon another to sign his name to executions issued in his absence and not under his immediate direction and control." And see the opinion in that case. In *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (3) (93 S. E. 418), it was held that "The execution under which the land in controversy was sold, not having been signed by the clerk of the court rendering the judgment, was void; and the trial court did not err in holding that 'the levy and sale did·not have the effect in any way to change the status of the judgment and property.' "

Taking the allegations of the petition to be true, as we must on demurrer, the execution in the present case was signed by one

other than the clerk of the superior court, who was not a deputy clerk, and the name of the clerk was signed to the execution without direct authority of the clerk and not in his immediate presence and under and by his immediate direction and authority. If these allegations are true, which the jury alone can determine, then the execution is void. How that is can be decided by the jury on the trial of the case.

3. We are also of the opinion that there is equity in the petition, and that in order to determine the rights of all the plaintiffs, which are common so far as the attack on the execution is concerned, a court of equity will entertain jurisdiction of the same in order to avoid a multiplicity of suits. Civil Code (1910), § 5469 (2); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3) (75 S. E. 418), and cases cited; *Chamlee* v. *Atlanta Brewing &c. Co.,* 131 *Ga.* 554 (62 S. E. 1032); *Smith* v. *Dobbins,* 87 *Ga.* 303 (13 S. E. 496); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150, 153 (108 S. E. 609).

If it should be determined on the trial of the case, under the evidence, that the party who signed the execution had legal authority so to do, and it should also be determined that the date of the execution was changed without authority, and that such change affected the rights of one or more of the parties to this case, then and in that event the relative rights of the respective parties can be determined accordingly. We reach the conclusion that the court below erred in dismissing the petition on demurrer.

*Judgment reversed. All the Justices concur.*