## DONALSON, executor, *v.* BOWER *et al.*

1. A court of equity will entertain jurisdiction, in order to avoid a multiplicity of suits, by establishing a right in favor of or against several persons which is likely to be the subject of legal controversy. The court did not err in overruling the demurrer to the answer in the nature of a cross-petition, on the ground that there was no equity in the petition, and that the defendants in error had an adequate remedy at law.

2. Exceptions to rulings of the court, to certain charges of the court to the jury, and on the admissibility of certain evidence, do not require a new trial.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial.

No. 4719. JULY 16, 1925.

Complaint. Before Judge Custer. Decatur superior court. January 10, 1925.

*Erle M. Donalson,* for plaintiff in error.

*H. G. Bell* and *W. O. Fleming,* contra.

HILL, J. The First National Bank of Bainbridge brought suit against J. D. Bower and W. O. Fleming as makers of a certain promissory note, and against Erle M. Donalson as executor of the last will and testament of John E. Donalson, as indorser. To this suit Bower and Fleming filed their answer, and a separate answer was filed by Donalson as executor. The answer of Bower and Fleming was in the nature of a cross-petition against Donalson as executor, in which it was averred that the note sued upon was given for a certain tract of land consisting of 13.43 acres as described in a bond for title made to them by John E. Donalson, deceased, but that as a matter of fact the land did not consist of 13.43 acres, but measured only 11.32 acres, and that they were entitled to a reduc-

tion in the amount sued upon at the rate of the average price per acre for the deficiency in the land, which amounted to $316.73. To this answer and cross-petition Donalson as executor filed an answer; and also demurred on the grounds, that Bower and Fleming had an adequate remedy at law, that their demand against the executor was not relevant to the issue involved in the suit brought by the First National Bank on the notes, that the cross-petition introduced new and distinct causes of action not embraced in the original suit, and that if Bower and Fleming had a legal demand against the executor the same should be brought in a separate and distinct suit, etc. This demurrer was overruled, to which ruling exceptions pendente lite were filed and on which error is assigned. The case then proceeded to trial before a jury, and at the conclusion of the evidence the court directed a verdict in favor of the First National Bank of Bainbridge against Bower and Fleming on the promissory note, and directed Bower and Fleming on the one side, and the executor on the other, to submit to the jury the issue made by the petition and answer and cross-petition as to whether there was a deficiency in the acreage of the land as described in the bond for title. The verdict was rendered under the cross-petition in favor of J. D. Bower and W. O. Fleming and against Erle M. Donalson, executor, for two acres as shortage in the land, and judgment was duly entered thereon by the court for $297.80 principal, and $86.32 as interest from the date of judgment. Erle M. Donalson as executor filed a motion for new trial, which was overruled, and he excepted.

We are of the opinion that the court below did not err in overruling the demurrer to the answer and cross-petition of the defendants, Bower and Fleming. Our law declares that equity will entertain jurisdiction of a case, in order to avoid a multiplicity of suits, by establishing a right in favor of or against several persons which is likely to be the subject of legal controversy, or other similar cases. Civil Code (1910), § 5469 (2). Here is a suit growing out of the same transaction; the owner of a tract of land sold it to two persons as containing a definite amount, and gave his bond for title for the same, in which he expressly guaranteed the measurements of the tract of land. The purchasers gave their notes for the purchase-price and paid all the notes as they fell due, except the last one, on which the First National Bank of Bain-

46

bridge as indorsee sued the makers and the executor of the indorser. The makers filed an answer by way of cross-petition, averring that they do not owe the face amount of the note, for the reason that there is a shortage in the land purchased. On this issue the court directed the makers and the executor of the indorser, who was the vendor of the land, to go to the jury upon the issue as to whether there was an actual shortage; and on this issue the jury returned a verdict in favor of the defendants and against the executor of the vendor. In these circumstances, in order to prevent a multiplicity of suits, we are of the opinion that the issues in the case could all be tried in one equitable suit. *Spinks* v. *LaGrange Banking* N *Trust Co.,* ante, 705. Otherwise several suits would result. Furthermore, the defendants Bower and Fleming pray in their answer against Donalson, executor, that title be decreed to the premises described in the bond for title, in the defendants Bower and Fleming. It will be observed that the plaintiff in the suit is not excepting to any judgment of the court on the trial of the case, having received the full amount due it under the verdict and judgment in the case, and part of the judgment being directed against the purchasers of the land, and a part against the executor of the vendor; and thus it seems to us in this one suit all of the rights of the various parties have been established, and, according to the view we take of the case, substantial justice has been done.

In the foregoing view none of the assignments of error in the motion for new trial, which complain of certain rulings of the court, requires a new trial, nor need be specifically considered, except the 8th ground, which assigns error because of the following charge of the court to the jury: "The court holds there is no issue as to the amount of the alleged shortage. The issue that you are to try, gentlemen, is whether or not the survey of Arline is correct, or the survey of Talbert is correct." While the charge of the court complained of was perhaps not happily expressed, yet we are of the opinion that it could not confuse or mislead the jury. The only evidence as to the shortage was the two plats of the two surveyors, and the oral evidence of one (Arline), that according to his survey there was a shortage in the land of two acres. The jury would understand that as there were two surveys, one showing that there were 13.43 acres in the tract, and the other that

there were only 11.32 acres, they were to pass upon the issue as to which survey was correct, and determine which spoke the truth. Their verdict showed that they found in favor of the survey which determined that there was a shortage in the land sold. While the evidence was conflicting, the jury had the right to say which survey spoke the truth. After a careful examination of the entire record we are of the opinion that the court did not err in refusing a new trial.        *Judgment affirmed. All the Justices concur.*