738

## 19344. JACKSON *v.* FORWARD ATLANTA COMMISSION INCORPORATED.

DECIDED MAY 18, 1929.

*C. E. Moore, E. L. Fowler,* for plaintiff in error.

*Horace Russell,* contra.

BELL, J. Forward Atlanta Commission Incorporated brought suit in the municipal court of Atlanta against R. R. Jackson, upon a subscription contract in words and figures as follows:

"Atlanta, Ga., October 6, 1925. We, the undersigned, hereby subscribe $5 monthly to the Forward Atlanta Advertising Fund of the Atlanta Chamber of Commerce, and in consideration of this subscription being accepted, together with subscriptions of others, and for other good and valuable consideration, and in consideration further that the expenditure of this fund shall be in the hands of a special commission to be appointed by the Chamber of Commerce, we agree to pay the amount subscribed monthly for a period of twelve consecutive months, beginning October 1, 1925. [Signed] R. R. Jackson."

A demurrer to the petition was overruled, after which, on the introduction of the contract in evidence, the court, without requiring other proof and with no evidence from the defendant,

directed a verdict in favor of the plaintiff. The defendant moved for a new trial, upon the grounds that the court erred in overruling his demurrer and in directing the verdict. From an order denying this motion he unsuccessfully appealed to the appellate division. The superior court refused to sanction his petition for certiorari, and he then brought the case to this court. The sole question presented is whether the subscription contract appeared upon its face to be supported by a consideration and mutually binding, or whether the plaintiff should have alleged and proved additional facts supplying consideration. Under the authorities cited in the headnotes, the agreement was prima facie valid and enforceable, and there was no error in any of the rulings complained of. If the paper was in fact without consideration, or if there had been a failure of consideration, the burden was on the defendant to make proof accordingly. When a contract is valid upon its face it is incumbent upon him who attacks it to show its invalidity.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*