HOLLINGSWORTH *et al. v.* PEOPLES BANK OF CARROLLTON.

No. 10112. NOVEMBER 15, 1934.

*Willis Smith,* for plaintiffs in error.

*Boykin & Boykin* and *Smith & Millican,* contra.

BELL, J. (After stating the foregoing facts.)

■ Under the provisions of the Civil Code of 1910, § 6149, par. 4, 5, it is the duty of this court to require the clerk of the court below to transmit a copy of any additional portion of the record which appears to be necessary to a determination of a case, whether or not the same be specified in the bill of exceptions. In the instant case the clerk of the trial court, without previous order

from this court, certified and transmitted a copy of the proceedings whereby a new party defendant was added in the court below. Under the facts, this additional transcript is a necessary part of the record, and the clerk of this court is directed to receive and file the same as such. *Georgia Northern Railway Co.* v. *Hutchins,* 119 *Ga.* 504, 508 (46 S. E. 659) ; *Atlanta Suburban Land Corporation* v. *Austin,* 122 *Ga.* 374 (50 S. E. 124) ; *Mason* v. *Terrell,* 3 *Ga. App.* 348 (5) (60 S. E. 4).

■ The bill of exceptions assigned error upon the overruling of the demurrer filed by the two original defendants, and also upon the grant of an interlocutory injunction. The new party defendant was added by amendment after the overruling of the demurrer, but before the order granting the injunction. He was not made a party to the bill of exceptions brought by the two original defendants. These defendants (plaintiffs in error) have filed a motion to amend the bill of exceptions by adding the new defendant as a plaintiff in error, he consenting thereto. Whether or not the amendment is necessary *(Carey* v. *Giles,* 10 *Ga.* 1 (6, 7) ; *McNulty* v. *Pruden,* 62 *Ga.* 135), it is one which the original plaintiffs in error have a right to make; and therefore it is allowed. *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (2) (49 S. E. 595) ; *Southern Railway Co.* v. *Lancaster,* 149 *Ga.* 434 (100 S. E. 380) ; *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491).

■ In *Owenby* v. *Georgia Baptist Assembly,* 137 *Ga.* 698 (74 S. E. 56, Ann. Cas. 1913B, 238), it was held: "In mutual subscriptions for a given object, the promise of the others is a good consideration for the promise of each. It is not necessary that the payee should be named in a subscription paper; it is sufficient if there is an acceptance by the party intended. The test of mutuality of a promise is to be applied, not as of the time it was made, but as of the time when it is to be enforced; therefore a promise in a subscription paper for a given object may be unilateral when made, but if the party intended accomplishes the object as contemplated, then the promise is rendered valid and binding." It is apparent from the allegations in the present case that the agreements severally executed by the depositors were intended for the use and benefit of the bank; and that upon the reopening of the bank in accordance therewith, each agreement became a valid and subsisting contract, enforceable by the bank in a proper proceeding.

710

The agreements may have also been made for the benefit of other parties, as, for instance, depositors in like situation, or stockholders, who acted thereon. But whether or not other parties besides the bank might have had a cause of action to enforce such agreements, the bank itself was beneficially interested therein, and upon complying with the prescribed conditions it could maintain an action for the enforcement thereof. The form of each agreement is such that its consideration may be shown by parol. Civil Code (1910), § 4246; *Taylor* v. *Thomas*, 61 *Ga.* 472 (2); *Rogers* v. *Burr*, 105 *Ga.* 432 (31 S. E. 438, 70 Am. St. R. 50); *Bing* v. *Bank of Kingston*, 5 *Ga. App.* 578 (1, 3) (63 S. E. 652); *Jackson* v. *Forward Atlanta Inc.*, 39 *Ga. App.* 738 (148 S. E. 356). It is not always necessary to the validity of a contract that the promisee should agree to perform the act expected by the promisor; an offer may contemplate acceptance by the doing of a proposed act, and in such case, if the act be performed while the offer is in life, a binding contract is effectuated, and the person making the offer must abide by its terms. See, in this connection: *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810, 812 (28 S. E. 998); *Brown* v. *Bowman*, 119 *Ga.* 153 (46 S. E. 410); *Atlanta & West Point R. Co.* v. *Camp*, 130 *Ga.* 1 (3) (60 S. E. 177, 15 L. R. A. (N. S.) 594, 124 Am. St. R. 151, 14 Ann. Cas. 439); *Hall* v. *Wingate*, 159 *Ga.* 630, 652 (126 S. E. 796); *Anderson-Clayton Co.* v. *Mangham*, 32 *Ga. App.* 152 (123 S. E. 159), and cit. In the present case the petition shows that other depositors signed agreements identical with those executed by these defendants, and that all of such agreements were thereafter accepted by the bank, which complied with the terms thereof, and supplied the element of consideration expected from it, by the reopening of its doors and the resumption of business as a going concern. It follows that the petition was not subject to demurrer on the ground that the agreements executed by these defendants appeared to be unilateral and wanting in consideration or mutuality.

■ The petition shows that these three defendants besides others executed agreements identical in form, for the purpose of enabling the bank to reopen and resume its banking operations. While it appears that only three of the depositors have attempted to avoid their agreements, yet, if the allegations of the petition are true, the plaintiff is entitled to relief in equity to prevent a multiplicity of

suits by these parties alone. Section 5469 of the Civil Code of 1910 is in part as follows "It being [to] the interest of this State that there should be an end of litigation, equity will entertain a bill of peace . . . to avoid a multiplicity of suits, by establishing a right in favor of or against several persons, which is likely to be the subject of legal controversy, or in other similar cases." The rule stated in this section has been applied by this court in numerous cases, which, though differing on their facts from the case at bar, involved the same principle. Among others which might be cited, see *Peoples National Bank* v. *Cleveland,* 117 *Ga.* 908, 916 (44 S. E. 20) ; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3) (75 S. E. 418) ; *Sanders* v. *Gainesville,* 141 *Ga.* 441 (3 *a*) (81 S. E. 215) ; *Battle* v. *Warren Fertilizer Co.,* 155 *Ga.* 650 (3, 4) (118 S. E. 362) ; *Donalson* v. *Bower,* 160 *Ga.* 720 (129 S. E. 36).

The petition was not subject to demurrer on the ground that the plaintiff had a complete and adequate remedy at law by defending the suits which had been filed in the city court of Carrollton.

Counsel for the plaintiffs in error has made no express contention that the second agreement referred to in the foregoing statement is in any respect different in substance from the first agreement; but regardless of that question, the petition alleged that the bank was reopened in reliance upon the first agreement, as severally executed by the defendants and others. As against the demurrer, therefore, it does not appear that the second agreement displaced the first as basis for the reopening of the bank as a going concern. The answer filed by the two original defendants in the equity suit alleged in effect a substitution of the second agreement, and presented the contention that in consequence of this alleged fact the first agreement, which is the only agreement signed by them, did not ripen into a binding contract, and consequently that there is nothing upon which to found any action against them. Whether or not this contention would constitute a valid defense if established by the evidence, the application for injunction was heard on the pleadings alone, and the judge was authorized to find in favor of the allegations of the petition, in preference to those contained in the answer, upon this question. It follows that the petition stated a cause of action, and that under the evidence, the pleadings being considered as such, it was not error to grant the

712

injunction. We do not now decide the question whether the plaintiff would be entitled to specific performance. If a petition states a cause of action for any part of the relief sought, it is not subject to dismissal as a whole on general demurrer, and the questions before the court at this time relate only to the overruling of the general demurrer and the grant of the injunction. Neither of these rulings was erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*