HOLLINGSWORTH *et al. v.* PEOPLES BANK OF CARROLLTON.

No. 11086. JANUARY 15, 1936.

*Willis Smith,* for plaintiffs in error.
*Boykin & Boykin* and *Smith & Millican,* contra.

BELL, Justice. On May 5, 1932, the Peoples Bank of Carrollton as an insolvent institution went into the hands of the superintendent of banks. The depositors generally signed agreements to cancel 50 per cent. of their deposits and to accept 16-2/3 per cent. in stock and the remainder in cash. These agreements were made for the purpose of enabling the bank to reopen and resume business, and were in the following language: "Georgia, Carroll County: For and in consideration of the sum of $1.00 in hand paid, and the mutual benefits accruing: (a) I agree, upon the reopening of the Peoples Bank of Carrollton, Georgia, that I will cancel 50 per cent. of my entire deposit in said bank, and authorize it to do so. (b) To accept 33-1/3 per cent. in cash and 16-2/3 per cent. in stock in the Peoples Bank. Fractional shares, if issued, to be determined by the committee, and they are authorized to make this determination for the purpose of carrying out this agreement. This agreement to be void in the event the Peoples Bank does not reopen." This agreement was written or printed on a card, and was signed by depositors separately. Among those executing it were Mr. and Mrs. J. W. Hollingsworth. After the agreement was signed by these and other depositors, the superintendent of banks permitted the Peoples Bank of Carrollton to reopen and resume business as a going concern. Some time later, Mr. and Mrs. Hollingsworth, having separate deposits with the bank, filed in the city court of Carrollton separate suits to recover the amounts remaining to their credit respectively, ignoring the agreements severally executed by them, as indicated above. The Peoples Bank answered these suits, pleading as a defense the agreements and the reopening of the bank. Before trial of these cases, the bank filed in the superior court a petition against the Hollingsworths, praying for injunction against the prosecution of the suits in the city court, and for specific performance. To this petition the defendants filed a general and special demurrer. The court overruled the demurrer, and granted an interlocutory injunction. On a writ of error sued out by Mr. and Mrs. Hollingsworth, these rulings were affirmed. *Hollingsworth* v. *Peoples Bank of Carrollton,* 179 *Ga.* 704 (177 S. E. 743). A more extended statement of the pleadings and issues will be found in that report.

On the subsequent trial the court directed a verdict in favor of the bank. The Hollingsworths filed a motion for new trial, which

the court overruled, and they excepted. The motion contained the general grounds and a number of special grounds. One ground assigned error on the admission of testimony over objection, but it does not appear that the witness ever answered the question. Grounds 2 and 3 complained of the admission of evidence over the objection that it was irrelevant and immaterial. Grounds 4 to 11, inclusive, assigned error on the rejection of evidence offered by the defendants for the purpose of showing that named officers and agents of the Peoples Bank, in order to obtain their signatures to the depositors' agreement, fraudulently misrepresented the condition of the bank, and represented that all of the depositors were to sign a like agreement and to receive a like amount by the terms of the settlement and compromise under which the bank was expected to resume business. There was no evidence to show the falsity of any of the alleged representations, except that three depositors were allowed to withdraw 50 per cent. of their deposits in cash, instead of taking 16-2/3 per cent. in stock and 33-1/3 per cent. in cash, as the defendants and other depositors had agreed to do. Thus, the only difference was in reference to the 16-2/3 per cent. which was paid to some in cash, while the defendants subscribed for stock to this amount. There was no evidence to show that on the reopening of the bank the stock was not worth the amount allowed therefor in the adjustment, or that the defendants otherwise suffered damage by reason of the alleged misrepresentation. Furthermore, while the defendants alleged that they relied on such representations in signing the depositors' agreement, it does not appear that they offered evidence in support of this allegation.

In special ground 12 the defendants assigned error on the direction of the verdict, contending that there were issues of fact which should have been submitted to the jury. The evidence showed, without dispute, that the defendants and many other depositors executed the agreement as alleged, and that the bank in pursuance of this agreement was reopened in December, 1932. One contention of the defendants was that the bank was not reopened on the agreement as signed by them and other depositors, but that a second and later agreement was proposed, and that the bank was in fact reopened on the second agreement, which the defendants refused to sign. There was no evidence to support this contention. Under the pleadings and the evidence, the verdict in favor of the bank was

demanded, and any errors in the admission or rejection of evidence were harmless. The result would not have been different if the court had excluded the evidence which the defendants say was irrelevant, or if all the evidence offered by the defendants had been admitted. The rulings stated in the headnotes do not require further elaboration. *Judgment affirmed. All the Justices concur.*