31394. GEORGIA SECURITIES CO. *v.* SANDERS *et al.*

DECIDED SEPTEMBER 27, 1946.

*O. J. Tolnas,* for plaintiff. *Rupert A. Brown,* for defendants.

PARKER, J. ₁A judgment was obtained on June 15, 1929, in the City Court of Lexington, in favor of the plaintiff in error and against the defendants in error. On that date the clerk of the court who is now deceased undertook to issue an execution on that judgment. He filled out a printed form used in that court which seems to have been regular in every way except that he failed to place his signature as the clerk thereon. The execution in that form was duly entered on the execution docket of the court from which it issued, and also on the general execution docket of the county. Written or printed on the back of the paper were the names of the court, the term, the parties, the date and amounts of the judgment, and entries showing the docket numbers and the pages where it was recorded on the execution dockets, along with the signature of the clerk. The plaintiff paid the costs to the clerk on August 10, 1929, and this payment was shown by an entry on

the execution signed by the clerk. Nulla bona entries were made on the execution by levying officers of the county on February 11, 1935, and on March 18, 1940, both of which were entered on the general execution docket of the county.

On June 20, 1946, the plaintiff in error filed in the City Court of Lexington a motion to amend the execution nunc pro tunc, as of June 15, 1929, the date of the judgment, and praying for an order authorizing and directing the clerk of the court to sign the execution as of the date of its issuance. A hearing was had on said motion and it was denied. The case is in this court on exceptions to that ruling.

It is the duty of the clerks of the superior courts "to issue and sign (and attach seals thereto when necessary) every summons, subpœna, writ, execution, process or order, or other paper under the authority of the court." Code, § 24-2714 (3). The practice in the City Court of Lexington as to issuing executions, at the time the execution involved here was issued, was the same as the practice in the superior courts. Section XVI of the act (Ga. L. 1899, pp. 395, 400) establishing the City Court of Lexington provided in part that "all executions issuing from said court shall be tested in the name of the judge and signed by the clerk." "Ordinarily a sheriff's sale under an execution not signed by the officer authorized to issue the same is void." *Rawles* v. *Jackson,* 104 *Ga.* 593 (30 S. E. 820, 69 Am. St. R. 185). "An execution is not legally issued when what purports to be the signature of the clerk thereto is not affixed by him or by his authority." *Williams* v. *McArthur,* 111 *Ga.* 28 (2) (36 S. E. 301). The execution under which certain land was sold, not having been signed by the clerk of the court rendering the judgment, was void. *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (93 S. E. 418). "An execution issued on a judgment and signed with the name of the clerk of the superior court but not signed by the clerk or by his deputy clerk or in his immediate presence and by his direction and authority, is void." *Battle* v. *Warren County Fertilizer Co.,* 155 *Ga.* 650 (2) (118 S. E. 362). If these authorities are applicable to this case, the execution we are dealing with was void, it not having been signed by the clerk or by his authority as required by law; but the plaintiff in error argues that the cases cited are not conclusive on the issue

here because in them there was no offer to amend, and the question of amending an execution was not involved.

The plaintiff in error also contends that, since the execution was entered upon the execution docket of the City Court of Lexington and the general execution docket of the county, and was authenticated and identified as an execution by the signature of the clerk who issued it on the back of the paper, and had two nulla bonas duly entered thereon and recorded on the general execution docket of the county, the first within seven years from the date of the judgment, and the second within seven years after the first, and had been acted on and treated as a valid execution by the clerks and sheriffs of the county, the execution was not void and was properly amendable under the Code, §§ 39-111, 81-1205. The first of these sections provides for correcting mistakes in executions made by the clerk, and the second section is as follows: "The mistake or misprision of a clerk or other ·ministerial officer shall in no case work to the injury of a party, where by amendment justice may be promoted." Whether the failure of the clerk to sign the execution was a mistake, or a misprision, within the purview of the statutes cited, and whether such omission was amendable before the judgment became dormant, need not be and is not decided now. The case turns on another point which we think is controlling.

A judgment becomes dormant and shall not be enforced "when seven years shall elapse after the rendition of the judgment before execution is issued thereon and entered on the general execution docket of the county wherein such judgment was rendered." Code, § 110-1001. Under this statute the judgment in this case became dormant after the expiration of seven years from its date during which time no valid execution was issued thereon as required by law. The entry of the first nulla bona on the unsigned paper purporting to be an execution did not have the effect of preventing the dormancy of the judgment; and after the judgment became dormant because no execution was issued thereon within seven years, the second nulla bona had no effect whatever in reviving, prolonging or extending the life of the judgment. "A return of nulla bona can not be made on a fi. fa. after it has become dormant." *Groves* v. *Williams*, 68 *Ga.* 598 (3a). After a judgment becomes dormant for any reason, although it may be revived in a proper action for

that purpose brought within the time prescribed by statute (Code, § 110-1002), it can not be rescued from dormancy by mere nunc pro tunc orders entered upon the execution. "A judgment can not be saved from dormancy by making upon the execution a nunc pro tunc entry of a levy alleged to have been made at a time when the judgment was not dormant." *Lewis* v. *Smith,* 99 *Ga.* 603 (3) (27 S. E. 162). In the body of the decision (page 605), the court said: "Nunc pro tunc entries upon executions doubtless may, for a proper purpose, oftentimes be made; but they would be entirely unavailing as a means of saving from dormancy an execution which had already lost its lien. Such entries only as are actually made—not such as might, or ought to, have been made—will save an execution from dormancy. . . After the time limited has wholly expired, the plaintiff in execution cannot, by entries nunc pro tunc, or otherwise, defeat the operation of the statute."

While the law of amendments is exceedingly broad in Georgia, and the statutes all tend to aid a diligent suitor in the enforcement of his rights in the courts, an execution not signed by the clerk of the court from which it issued, or by his authority, is not valid under the decisions of our courts, and where it is not corrected or amended within seven years (assuming, but not deciding, that this might be done), the judgment on which it was issued becomes dormant because no valid execution was issued thereon within that time. For these reasons a nunc pro tunc order at this time, seventeen years after the date of the judgment, authorizing the clerk to sign the invalid execution, can not make it valid or restore the validity and lien of the judgment on which it is based. Therefore the court did not err in refusing the motion as complained of by the plaintiff in error.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*